Mr. Joel R. Stubblefield President, Board of Trustees Westark Community College P.O. Box 3649 Fort Smith, AR 72913
Dear Mr. Stubblefield:
This is in response to your request for an opinion regarding the "advisability of continued employment of an employee convicted of a felony." You state that the employee has been a payroll officer at the college for several years. The employee recently pled guilty to three counts of lewd molestation in an Oklahoma court and received a suspended sentence of imprisonment, payment of court costs and probation. You state further that his performance in his role as payroll officer has been beyond reproach for many years. The job requires no contact with the general public, students or young people of any kind. Your questions are restated below and answered in the order posed.
 1. Are there laws or regulations that require us to terminate his employment because of his pleading guilty to a felony in Oklahoma?
You have indicated that you think A.C.A. 16-90-112 may be applicable. This section provides that persons convicted of a felony shall be excluded from every office of trust or profit.
In my opinion, this section applies only to those in "office;" that is, those who are sworn to uphold certain duties, have a specific term of office, or are commissioned to carry out official functions. The Arkansas Supreme Court has held that although all offices may be considered employment, not all employment is an office. In my opinion, an individual employed as a payroll officer for a community college is more akin to one who is engaged in "employment," as opposed to one who holds an "office." Accordingly, 16-90-112 would be inapplicable. Similarly, our research has indicated the existence of no other state laws which would require the college to terminate the employment of an individual employed as a payroll officer who has pled guilty to a felony in another state.
 2. Are there laws or regulations that allow us to terminate his employment because of his pleading guilty to a felony, should we so choose?
We find nothing in the Arkansas Code which addresses whether a state agency may terminate an employee on the basis of his having pled guilty to a felony. In this regard, however, it should be noted that Arkansas is an at-will employment state. That is, where there is no contract covering the terms of employment, either the employer or the employee is free to terminate the employment without reason. See Sterling Drug, Inc. v. Oxford, 294 Ark. 239, 743 S.W.2d 380 (1988). This general rule would, it appears, be applicable in the college's instance. Assuming there is no contract of employment, either the college or the payroll officer could terminate the employment without reason.
 3. Are there laws or regulations that prohibit his being terminated due to the guilty plea to a felony?
Our research has indicated the existence of no state laws which would prohibit a college from terminating an employee who has no contract of employment and who is an at-will employee.
 4. Should we terminate him for this cause, do we undertake any risk of him successfully suing us for wrongful termination?
The Arkansas Supreme Court has stated that because of the employer's right to discharge an at-will employee, the tort claim of outrage from discharge from employment cannot be predicated upon the fact of the discharge along. The manner in which the discharge is accomplished or the circumstances under which it occurs may, however, render the employer liable. "To be actionable the employer's conduct must be so extreme and outrageous as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community. The discharge of a long time employee alone does not meet that test." Harris v. Arkansas Book Co., 287 Ark. 353, 700 S.W.2d 41 (1985).
Assuming, therefore, that the relationship is one of at-will employment, it would appear, in my opinion, that either the college or the payroll officer may terminate the employment at any time and without cause. Additionally, it would appear that, based upon the holding in Harris, simply discharging the employee would not, in all likelihood, constitute a cause for an action for wrongful termination.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh